Donald S. Taylor, J.
This action, tried by the court without a jury, is brought to set aside a deed made by one Ella J. Titus, now deceased, to the defendants as tenants by the entirety and to adjudge plaintiff, a niece and devisee of decedent, to be the owner of the premises. An accounting for rents and profits and a delivery in kind of any remaining personal property constituting the contents of the premises are also sought. Subsequent to the trial plaintiff amended her demands to include one to declare the defendants to be constructive trustees of the personal property of the proceeds of its sale and of those of the real property. Findings of fact and conclusions of law were waived.
At the trial plaintiff established the following facts; that defendant husband had represented decedeiit as her attorney from the time of her husband’s death in February, 1940 to the date of her own death in December, 1948 and that on May 9, 1946 decedent, then 82 years of age, conveyed her Oatskill, New York home at No. 130 William Street to the defendants for a nominal consideration; that the instrument was recorded on December 7, 1948, the day after decedent’s death; that between delivery and recordation the taxes on the premises were paid by decedent; that the policies insuring them were written by the defendant husband in companies which he represented as agent, were issued in decedent’s name only, were payable exclusively to her and subsequent to her death were indorsed over to defendants.
Under well-known principles establishment by plaintiff of the character of the above transaction made out a prima facie case and cast upon the defendants the burden of proving that their apparent gratuitous benefits were the product of a fair and honest transaction free from undue influence. (Allen v. La Vaud, 213 N. Y. 322, 326; Nesbit v. Lockman, 34 N. Y. 167; Snook v. Sullivan, 53 App. Div. 602, 606, affd. 167 N. Y. 536.)
The burden of relieving themselves from the suspicion engendered by the transaction was met by the defendants with uncontradicted evidence that, at the instance of decedent, one Van Loan, then cashier of the Oatskill National Bank and Trust Company, a long-time financial adviser of the decedent and after her death the sole executor of her last will and testament, had summoned one Ohadderdon, the bank’s attorney who had not previously represented the decedent, to the place of execution with the deed which he had already prepared; that decedent was informed by Ohadderdon in the presence of Van Loan of the nature of the instrument after which she executed it *896 before Van Loan as a witness and acknowledged its execution before Chadderdon as a Notary Public. Van Loan later delivered the deed unconditionally to the defendant husband inside the bank at decedent’s request. It appears that the premises thus conveyed constituted a relatively insignificant portion of the decedent’s fortune.
In my opinion it is thus demonstrated that the transaction was free from fraud and improvidence and was the decedent’s voluntary act.
Since the rule is that a deed may not be delivered to a grantee conditionally, the title, in the absence of a breach of trust arising out of the confidential relationship, was neither affected as to the grantor and her privies by her continued possession and control of the premises nor by the failure to record the deed. (Herrmann v. Jorgenson, 263 N. Y. 348, motion for reargument denied 264 N. Y. 529.)
Lastly, the plaintiff’s proof fails to demonstrate that the defendant husband’s conduct was a contemporaneous part of similar fraudulent schemes allegedly perpetrated by him on others to bring it within the rule stated in Altman v. Ozdoba (237 N. Y. 218, 223); Boyd v. Boyd (164 N. Y. 234, 241) and Matter of Booth (215 App. Div. 516, 518).
The defendants’ motions to dismiss and to strike, upon which decision was reserved, are denied with appropriate exceptions.
The motion for judgment by the defendants is granted and that of plaintiff denied. (Civ. Prac. Act, § 440.) Judgment on the merits accordingly may be entered, with taxable costs.
The foregoing constitutes the written and signed decision of the court.