■ NEW YORK WATER SERVICE CORPORATION, Respondent, v. PALISADES INTERSTATE PARK COMMISSION, Appellant.— In an action pursuant to article 15 of the Real Property Law to compel the determination of conflicting claims to the use of the water of Lake Tiorati in Orange County, defendant appeals, as limited by its brief, from two orders: (1) an order of the Supreme Court, Orange County, dated February 15, 1960, and entered in Rockland County on February 17, 1960, insofar as said order denies defendant's motion, pursuant to rule 107 of the Rules of Civil Practice, to dismiss the second amended complaint on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon; and (2) an order of the Supreme Court, Rockland County, dated and entered April 27, 1960, insofar as it denies defendant's motion for a change of venue from Rockland County to

Orange County on the ground that under section 183 of the Civil Practice Act the latter county is the proper county for the trial of the action. Order dated February 15, 1960, modified, in the exercise of discretion, by adding thereto a provision that, if so advised, the defendant in its answer may plead the facts which it asserts establish that the action is barred by the time limitation provided by section 34 of the Civil Practice Act. As so modified, order affirmed, without costs. Defendant's answer may be served within 20 days after service of a copy of the order entered hereon. In our opinion, the determination of the question whether an action, brought pursuant to article 15 of the Real Property Law, is barred by the Statute of Limitations, need not be deferred until trial by reason of subdivision 2 of section 500 of the Real Property Law. The provision of that subdivision, enacted by chapter 561 of the Laws of 1943, that the action "may be maintained, even though * * * the court may have to determine * * * any statutory limitation of time", merely removed any doubt that the remedy under article 15 was applicable to cases where the Statute of Limitations might be asserted as a bar to an adverse claim made by a defendant (see 1943 Report of N. Y. Law Rev. Comm., pp. 243, 244, 273–274). It was not intended to, and does not affect the power of the court, on motion, to dismiss a complaint under that article, where the record establishes that the plaintiff did not commence the action within the time limited by law. Moreover, we find no basis for a claim that defendant is estopped to plead the defense of the Statute of Limitations. We believe, however, that the question whether this action is barred by the statute may be better decided after a trial at which the facts with respect to plaintiff's assertion of rights to and its use of the waters of the lake may be more fully explored, and at which the nature of its interest in such waters may be determined. Order dated April 27, 1960, insofar as appealed from, reversed, without costs, and motion for a change of venue from Rockland County to Orange County granted on the ground that, under section 183 of the Civil Practice Act, Orange County is the proper county for the place of trial. The action being one to compel the determination of a claim to real property must be tried in the county in which the subject of the action or some part thereof is located (Civ. Prac. Act, § 183). The subject of this action is the right to use the waters of Lake Tiorati, which is situated entirely in Orange County. The controversy does not involve any claim to real property situated elsewhere. Consequently, the motion to change the venue of the action to Orange County should have been granted. Nolan, P. J., Beldock, Kleinfeld and Pette, JJ., concur; Brennan, J., not voting.