■ IRENE A. SWANSON, Respondent, v ROBERT E. SWANSON, Appellant. —In an action in which the plaintiff wife was granted a divorce, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, dated August 14, 1978, as directed him to pay one half of the real estate taxes levied against the former marital residence. Order reversed insofar as appealed from, on the law, with costs, plaintiff is to pay the full amount of the real estate taxes levied against the former marital residence during the period in question and matter is remanded to Special Term for entry of an appropriate order in accordance herewith. Since their divorce in May, 1975 the plaintiff has essentially been in exclusive possession of the former marital home. The judgment of divorce provided that said home, and all other jointly owned real property, was to be sold. On September 29, 1975 the parties entered into a stipulation which disposed of most of their jointly owned property and provided that the former marital home would be sold by June 15, 1976. If not sold by then, the parties agreed that the property would be auctioned and that either party could seek specific performance. The stipulation further provided that the then accrued tax lien of approximately $2,900 would be the joint responsibility of the parties. Any other "claims outstanding against either

party" were to be paid solely by the party who "personally incurred the charge." The wife assumed all prospective carrying charges. The defendant moved in March, 1978 to compel the sale of the former marital residence. The parties agreed to a private auction, at which the plaintiff purchased her husband's one-half interest. The issue on this appeal is whether the parties are jointly responsible for any real property tax liability which accrued between September 29, 1975 (the date of the stipulation) and August 22, 1978 (the date title was transferred). In the circumstances of this case we hold that the plaintiff is solely liable for such taxes. Absent an agreement to the contrary, the general rule is that a tenant in common who has taken sole possession of the jointly owned property is responsible for the payment of taxes on such property (*Van Duzer v Anderson,* 282 App Div 779, affd 306 NY 707; 13 NY Jur, Cotenancy and Joint Ownership, § 43). Rather than an agreement to the contrary, the September, 1975 stipulation effectuates the common-law rule by providing that the plaintiff would be responsible for the carrying charges on the property. In the context of her having sole possession of the property, coupled with her receipt of the rental income from the property, without an accounting having been made to the defendant, it must be concluded that carrying charges were intended to include real property taxes. This conclusion is further supported by other portions of the stipulation which provide, *inter alia,* that the party who assumed sole ownership of the other jointly held property, would assume sole responsibility for any unpaid taxes on that property. Furthermore, the plaintiff waived "all claims for any maintenance or tax bills or charges arising out of the joint ownership of any of the properties except as hereinabove referred to". The only reference to joint tax liability was the previously accrued sum of $2,900. It must, therefore, be concluded that the parties agreed that the plaintiff would be solely liable for any subsequent tax claims. Rabin, J. P., Gulotta, Shapiro and Mangano, JJ., concur.