■ SYDNEY JAMES, Appellant, v MARCIA LEWIS, Respondent. —In an action pursuant to RPAPL article 15 to compel determination of a claim to real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Krausman, J.), dated October 9, 1986, which dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In June 1971, the plaintiff and his mother took title as tenants in common to real property located in Brooklyn, New York. The plaintiff conceded in his complaint and at trial that, in October 1971, he executed a deed conveying the property from himself and his mother to a corporation the two had formed and the deed was delivered to the attorney who assisted in the formation of the corporation. The plaintiff's mother also executed the deed, and the signature of the attorney, as subscribing witness, was duly acknowledged (see, Real Property Law §§ 243, 292, 304) and the deed was recorded, although not until 1980.

In November 1974 the plaintiff's mother, as president, conveyed the property from the corporation to herself as sole owner and the deed was witnessed, acknowledged, and recorded in 1974. In December 1979 the plaintiff's mother transferred the property to the defendant, her granddaughter. In September 1984, the plaintiff's mother died intestate, leaving the plaintiff as her sole distributee. This action was commenced in April 1985.

The plaintiff, who was the only trial witness, alleged in his complaint that the 1974 deed transferring ownership from the corporation to his mother alone was invalid because it was executed without his "knowledge, consent or participation" as a shareholder. His challenge at trial was not clearly focused, but on appeal he claims that it had not been his or his mother's intention in 1971 to deliver the deed, and hence to convey title, to the corporation, and that therefore, all subsequent conveyances are void.

The plaintiff failed to effectively rebut the presumption that delivery of the deed conveying the property to the corporation

took place in 1971 *(cf.,* Real Property Law § 244; *Ten Eyck v Whitbeck,* 156 NY 341). That the 1971 deed was not acknowledged or recorded until 1980 does not affect the validity of the 1971 conveyance as against the plaintiff *(see, Strough v Wilder,* 119 NY 530; *Williams v Ellerbe,* 62 Misc 2d 827; *cf., Manhattan Life Ins. Co. v Continental Ins. Cos.,* 33 NY2d 370). We note, moreover, that the plaintiff has no standing in his individual capacity to challenge the 1974 conveyance from the corporation to his mother. In any event, because the plaintiff failed to establish that he was an owner in possession, the trial court properly concluded that challenges to the 1971 and 1974 conveyances were barred by the Statute of Limitations *(see,* CPLR 212 [a]; *cf., Ford v Clendenin,* 215 NY 10, 17; *Downes v Peluso,* 115 AD2d 454; *New York Water Serv. Corp. v Palisades Interstate Park Commn.,* 12 AD2d 646). Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.