■ Rose Gargano et al., Appellants-Respondents, v V.C.&J. Construction Corp. et al., Respondents, and Gaetano Gargano, Respondent-Appellant.—In an action for an accounting and to recover for misappropriation of certain assets of the defendant V.C.&J. Construction Corp., a closely held corporation, the plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County (Imperato, R.), dated August 7, 1986, as, in rendering an accounting, failed to impose a constructive trust upon a certain parcel of real property, and failed to find that the defendant Gaetano Gargano breached his fiduciary duty as an officer and director of the defendant corporation; the defendant Gaetano Gargano cross-appeals from so much of the same judgment as charged him in the accounting for one half the value of a parcel of real property owned by the corporation which was lost in an in rem foreclosure proceeding.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This action for an accounting and related relief arises out of the dissolution of a closely held family-owned business, the defendant V.C.&J. Construction Corp. (hereinafter VC&J). The plaintiff Carmine Gargano and his brother, the defendant Gaetano Gargano, were each 50% owners and directors and vice-presidents of VC&J. The defendant Anna Gargano, Gaetano's wife, was also a director as well as the president of VC&J. The remaining plaintiff, Rose Gargano, Carmine's wife, was a sometime employee of the corporation.

VC&J was established by the brothers in 1969, and was initially capitalized by funds from Gaetano's masonry contracting business, G. Gargano Contracting. VC&J took over the assets and contracts of G. Gargano Contracting. Until the brothers had a falling out in 1974, VC&J engaged in the contracting business and, on occasion, acquired real property, either through purchase or as compensation in lieu of payment from builders for whom it performed contracting work. After Carmine left the business in 1974, Gaetano completed

its contractual obligations and managed both the business and its real property holdings.

The plaintiffs brought this action for, *inter alia,* an accounting of the assets of VC&J. The defendants counterclaimed, seeking an accounting by the plaintiffs, as well as recovery of funds allegedly misappropriated by them. Pursuant to a stipulation of the parties, the matter was referred to a Special Referee to hear and determine. The Referee conducted an extensive trial over the course of a two-year period. At the conclusion thereof, the Referee rendered his findings of fact and conclusions of law on the claims for an accounting and other relief which were later incorporated into a judgment. The judgment also provided for the disposition of certain real property determined to be jointly owned and for the distribution of the proceeds between the brothers consistent with the accounting.

The plaintiffs' principle claim on appeal is that the Referee erred in failing to impose a constructive trust for the benefit of Carmine Gaetano upon a parcel of real estate identified as the West Seventh Street property. They contend that the evidence established that although the property was purchased and paid for by Gaetano prior to the formation of VC&J Construction Corp., it was corporate funds which were used to improve the property, and corporate facilities which were used to construct the homes thereon. The plaintiffs also contend that Carmine was promised a share in the property by his brother.

The Referee found, however, that the plaintiffs failed to establish the necessary elements of a constructive trust and accordingly, that Gaetano retained ownership of the property. The Referee also found, however, that Gaetano was responsible to the corporation for the amounts expended by it in improving the property for Gaetano's benefit. We agree.

A constructive trust will be impressed upon property when, in the context of a fiduciary relationship, there has been a transfer of the property in reliance upon a promise, and an unjust enrichment as a result thereof *(see, McGrath v Hilding,* 41 NY2d 625; *Sharp v Kosmalski,* 40 NY2d 119). At bar, while the existence of a fiduciary relationship between the brothers is indisputable, all of the remaining elements were not established. The Referee, as finder of the facts, found that the evidence did not establish the existence of the promise by Gaetano to convey an interest in the property to Carmine. This finding was predicated upon his assessment of the credi-

bility of the witnesses and we are not prepared to set it aside on this record (see, Matter of Poggemeyer, 87 AD2d 822). Moreover, even assuming such a promise, the record fails to indicate that either Carmine or VC&J had any prior interest in the premises which was conveyed to Gaetano in reliance upon a promise to reconvey. Although a constructive trust may be imposed where property is parted with in reliance upon a promise to reconvey, "none may be imposed by one who has no interest in the property prior to obtaining a promise that such an interest will be given to him" (Matter of Wells, 36 AD2d 471, 474, affd 29 NY2d 931; see, Scivoletti v Marsala, 97 AD2d 401, affd 61 NY2d 806; Onorato v Lupoli, 135 AD2d 693). The record is also devoid of evidence that Carmine advanced any individual funds toward the improvement of the West Seventh Street property. To the extent that funds and services of VC&J were utilized in the improvement of the parcel, the Referee took cognizance of this in his accounting and provided for reimbursement by Gaetano to VC&J of the funds expended (see, Scivoletti v Marsala, supra, at 401; Petrukevich v Maksimovich, 1 AD2d 786).

The plaintiffs also contend that Gaetano breached his fiduciary duty as an officer and director of VC&J, when he extinguished a debt owed to the corporation, as part of the consideration given by him to the debtor, a builder, in exchange for a parcel of property which he acquired in his own name. The plaintiffs charge that this was a misuse of a corporate opportunity (Business Corporation Law § 717; Blaustein v Pan Am. Petroleum & Transp. Co., 293 NY 281) and argue that the property so purchased should have been found to be a jointly held asset of the corporation. The Referee refused to so hold but did direct that Gaetano account for the amount of the debt.

We do find that the Referee's determination was correct. The corporate debt in question existed at the time Carmine left the business and remained unsecured and uncollected for over two years until 1976, when Gaetano's initiative caused the debt to be recovered. Carmine knew of the debt but he made no effort to recover it for the corporation. Under these circumstances, we are satisfied that Gaetano did not breach his duty of loyalty to the corporation. His action transferred the debt from one owed by the original debtor to one owed by him to the corporation, and he has now been held to account to the corporation for that debt.

Finally, Gaetano, on his cross appeal, seeks to have Carmine held to account to him for one half the value of a parcel of

jointly held property that was lost in an in rem foreclosure proceeding due to Carmine's failure to pay the taxes. The parcel in question was improved with an apartment building in which Carmine resided. The general rule is that a tenant in common who has taken sole possession of jointly held property is responsible for the payment of the taxes thereon (see, Stevens v Melcher, 152 NY 551; Swanson v Swanson, 69 AD2d 878, revd on other grounds 52 NY2d 1004). At bar, however, Carmine was not in sole possession of the property since there were also tenants residing in the building and Gaetano received rental income from the building. Under the circumstances, Carmine could not be held solely responsible for the taxes and Gaetano, who knew that the mortgage on the building had been foreclosed, should have taken steps to preserve his interest in the property. Accordingly, we cannot say that the Referee erred in finding that the loss of the property should be borne equally by the brothers. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.