OPINION OF THE COURT
James D. Benson, J.
This consolidated proceeding is brought pursuant to CPLR 5239, to determine adverse claims to two parcels of real property in Dutchess County, New York. The salient facts are as follows. On May 6, 1982, John N. Potter executed and delivered a deed to Joseph Fiore to lots 26 and 28, Potters Bend, Hyde Park, New York. On May 10, 1982 Potter executed two confessions of judgment, one in the sum of $323,032.40 docketed in the Dutchess County Clerk’s office on May 11, 1982 and a second judgment in the sum of $383,858.80 docketed in the Dutchess County Clerk’s office on September 17, 1982. No lawsuit was pending by Chevron, U.S.A., Inc. against Potter on May 6, 1982. Chevron was the judgment creditor on the above confessions of judgment. The lots in issue were vacant lots, for which Fiore paid $10,000. The deed conveying the property was acknowledged on May 5, 1982, one day earlier than the date of execution, and was recorded on September 24, 1982. During this four-month period, Fiore’s attorney had possession of the deed and ordered a title search. On November 8, 1983, Potter was adjudi *478 coted a bankrupt pursuant to chapter 7 of the Bankruptcy Code (11 USC). On January 24, 1986, Fiore sold one of the two lots to the petitioners in proceeding No. 1. The petitioners in proceeding No. 2 obtained title to lot 28 from Fiore by deed dated December 30, 1985 and recorded on February 13, 1986. On October 21, 1987 a real property execution was issued to the Sheriff of Dutchess County against lots 26 and 28, pursuant to the Chevron judgment of September 17, 1982. A Sheriff’s execution sale was scheduled for September 7, 1988. By motion brought on by order to show cause petitioners were granted a stay of the Sheriff’s sale pending a determination of this matter.
To defeat a motion for summary judgment, the opposing party must "show facts sufficient to require a trial of any issue of fact” (CPLB 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067). The opponent must produce evidentiary proof in admissible form. Conclusory assertions do not satisfy this burden (McGahee v Kennedy, 48 NY2d 832).
It is undisputed that Potter executed the deed in question and delivered it to Fiore on May 6, 1982. The bases for attempting to set aside the deed are that the date of acknowledgment appearing on the deed is May 5, 1982; the discrepancy in the testimony between Fiore and Potter as to when the purchase price was paid; and the credibility of Potter in having executed a deed prior to entry of judgment against him. Further, the capacity of the lawyers in ordering a title search for the property allegedly raises an issue of agency and conditional delivery. No issue of fraud or lack of consideration is raised by defendant Chevron.
The above issues do not negate the allegation that the duly executed deed was delivered to Fiore. There is a presumption "of the due delivery of a deed in the possession of the grantee and the burden is upon the person challenging delivery to overcome that presumption” (Young v Wark, 8 AD2d 690). Chevron has offered no evidence to dispute the fact that delivery was made to Fiore. The certificate of acknowledgment is prima facie proof of the proper execution of the instrument and should be overthrown only on proof so clear and convincing as to amount to a moral certainty (Albany County Sav. Bank v McCarty, 149 NY 71, 83). A certificate of acknowledgment "should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence” (Albany County Sav. Bank v McCarty, supra, at 80). *479 Respondents have failed to rebut this presumption. The fact that the deed was not recorded until four months later does not affect the validity of the transfer (James v Lewis, 135 AD2d 785).
A deed may not be delivered to a grantee conditionally (Howland v Smith, 16 Misc 2d 894). Delivery is complete even if the grantor hands over the deed to an attorney (Williams v Ellerbe, 62 Misc 2d 827). Pursuant to Real Property Law § 244, once a deed is delivered by the grantor and accepted by the grantee, a conveyance of real property takes place immediately so as to vest the estate or interest intended to be conveyed. (Matter of Marriage Encounter v Board of Assessors, 75 Misc 2d 147.) The fact that Fiore later gave the deed to his attorney as agent does not make the delivery of the deed and its acceptance as between himself and Potter invalid. As long as the grantor unconditionally hands over the deed and the grantee accepts it, the transfer is effective to place title in the grantee, regardless of subsequent events (Bianco v Furia, 41 Misc 2d 292). Further, the credibility of the parties is not a proper consideration for the courts (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341).
 A conveyance of real property "not * * * recorded is void as against any person who subsequently purchases or acquires by exchange or contracts to purchase or acquire by exchange, the same real property or any portion thereof, or acquires by assignment the rent to accrue therefrom” (Real Property Law § 291). A judgment creditor is not such a purchaser and is not protected by this statute. An unrecorded conveyance has preference over a duly docketed judgment (Sullivan v Corn Exch. Bank, 154 App Div 292). As stated by the Court of Appeals in Trenton Banking Co. v Duncan (86 NY 221, 227): "It is well settled, in this State, that, in the absence of fraud, a judgment takes effect only on the actual interest in land which the judgment debtor has, at the time of the recovery of the judgment, and consequently, that the title of a grantee of the judgment debtor, by deed executed before the entry of the judgment, although unrecorded, takes precedence of the judgment. The fact that the grantee has not recorded his deed, creates no equity in favor of the judgment creditor. The latter is not a purchaser within the recording acts, and purchasers alone are protected by those acts against unrecorded conveyances.”
Therefore, the motions for summary judgment in proceedings Nos. 1 and 2 are granted and the petitions are granted.
*480 In rendering this decision, the letter memorandum of Paul S. Groschadal, Esq. dated July 23, 1990 was not considered, as it was executed by an attorney having no personal knowledge of the facts and therefore lacks probative value. (Zuckerman v City of New York, 49 NY2d 557.)