National Mtge. Consultants v Elizaitis (2004 NY Slip Op 50525(U))

[*1]

National Mtge. Consultants v Elizaitis

2004 NY Slip Op 50525(U)

Decided on March 17, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2004

Supreme Court, Suffolk County
NATIONAL MORTGAGE CONSULTANTS, Plaintiff,
against
GUNTHER U. ELIZAITIS, LINDA M. ELIZAITIS, BARCLAYS BANK OF NY, NA, NORTH SHORE UNIVERSITY HOSPITAL, AMERICAN EXPRESS TRAVEL RELATED SERVICES CO., INC., MACY'S NORTHEAST, INC., FCC NATIONAL BANK SUCC TO FIRST NATIONAL BANK OF CHICAGO, "JOHN DOE ONE," to and including "JOHN DOE FIVE," the last five names being fictitious and unknown to the plaintiff, the persons or parties intending to be the tenants, occupants, persons or corporations, if any, having or claiming an interest in or a lien upon the premises described in the complaint, known as 94 East Artisan Avenue, Huntington, N.Y., Defendants.
96-8096

NITKEWICZ & McMAHON, LLP
Attorneys for Plaintiff
356 Veterans Memorial Hwy.
Commack, New York 11725
PRUZANSKY & BESUNDER, LLP
Attorneys for Defts. Elizaitis
One Suffolk Square, Suite 315
Islandia, New York 11749

Daniel J. Loughlin, J.
ORDERED that the order of this court dated January 8, 1997, which denied plaintiff summary judgment in this foreclosure action based on the claim that this plaintiff was not the valid assignee of the note and mortgage in default, is vacated on the record herein (CPLR 2001, 2002, 5015[a][1], 5015[a][3]; RPAPL Article 13; RPL §§240, 240-b, 244). The relief is remedial to cure an error of omission which effectively removed plaintiff for lack of title to the mortgage on the date the action commenced without a determination of an assignee to continue the prosecution of this action. In lieu thereof, the following order is hereby substituted. The court deems that plaintiff, National Mortgage Consultants (NMC), was on the date this action was filed, March 18, 1996, the holder of title and assignee of the mortgage herein, in the sum of $150,000.00, secured by real property owned by Elizaitis, located at 94 Artisan Avenue, Huntington, New York, dated November 3, 1982. The original mortgage was executed by West Hills Associates, recorded November 8, 1982 in Liber 9394, page 312, conveyed to Seaman's Bank for Savings, assumed by defendants Gunther U. Elizaitis and Linda M. Elizaitis, modified November 15, 1985, subsequently assigned from First Federal Savings Bank a/k/a Berkley Federal Bank & Trust, FSB and delivered to plaintiff in consideration for NMC's payment. Prior to the delivery of the documents to NMC, counsel for both NMC and SCC erroneously advised the seller, Berkley, to place the written assignment in the name of Secured Capital Corp. (SCC) as nominee. NMC and SCC do business jointly and separately. Both corporations are owned and controlled by the same principals, Thomas Donovan and Joanne von Zwehl. Both entities purchase and service non-performing mortgage loans, provide reciprocal services and are represented by the same attorney. The transaction is evidenced by the written document executed July 7, 1993; letter May 26, 1993; affidavits sworn to by: Joanne von Zwehl August 13, 1996 and Thomas B. Donovan November 11, 2003, corporate principals; John R. Kiley, principal of M&O Associates, a subsequent assignee, November 1, 2003 and April 15, 2003; Jeffrey B. Hulse, former counsel for NMC and SCC, April 4, 2003; and letters which refer to the written assignment efforts to correct the error in nominee from SCC to NMC, dated October 12, 1993, [*2]August 13, 1996 and August 22, 1996; and it is
ORDERED that pursuant to this substituted order the court determines that this record demonstrates that plaintiff was and is, without any opposition or dispute, the proper assignee and mortgagee of the note and mortgage in default. As such, NMC is entitled to prosecute the within foreclosure action. Therefore, plaintiff's motion for summary judgment to dismiss defendants Gunther and Linda Elizaitis' answer is granted to the extent that the first, second and third affirmative defenses which respectively assert claims that plaintiff does not hold title to the mortgage; that defendants made payment which is inconsistent with sworn admissions; and that plaintiff violated laws are dismissed. Otherwise pending the computation of outstanding sums due plaintiff at prevailing rates of interest adjusted from the date of each default, without additional penalty or interest, but including taxes, insurance, ordinary maintenance/overhead expenses, in accord with mortgage terms and upon the final approval of court, further determination of this proceeding is deferred. Following the approval of the court, the parties may elect to settle in satisfaction of the sums paid by defendants, or proceed to prosecute the foreclosure action to judgment (CPLR 3211 [b], 3212; RPAPL § 1321 [1]); and it is
ORDERED that defendants' cross motion for summary judgment to dismiss plaintiff's summons and complaint is denied. The motion to cancel and vacate the notice of pendency filed after expiration without court approval or consent is granted, without prejudice to a motion for alternative relief or statutory compliance in this foreclosure action (RPAPL §1331). The application to vacate the assignments from Berkley to NMC to SCC and from SCC back to NMC is denied (CPLR 3212; RPL §244; Schafer v Reilly, 50 NY61 [1872]; Manhattan Life Ins. Co. v Continental Ins. Co., 33 NY2d 370, 353 NYS2d 161 [1974]; Buckley v Chevron, 149 Misc2d 476, 565 NYS2d 419 [1991]; James v Lewis, 135 AD2d 785, 522 NYS2d 897 [1987]); and it is
ORDERED that the matters for which summary judgment has been granted are severed from the remaining causes of action, which are continued for settlement or judgment.
This action to foreclose a mortgage was commenced by NMC on March 18, 1996. Plaintiff is the assignee of Berkley Federal Bank & Trust pursuant to payment of $120,000.00 for the purchase and delivery of a mortgage to NMC. The documents were to delivered and have been retained by NMC. In lieu of acceptance in the name of NMC, counsel erroneously instructed the assignor to name SCC a sister corporation of purchaser NMC as the nominee assignee. SCC is not a party to the within litigation, and there is no evidence of claim or dispute with NMC regarding the title to the mortgage.
The within mortgage was purchased by NMC pursuant to a firm written commitment dated May 26, 1993 and formal assignment from Berkley to SCC on July 7, 1993. A chain of assignments was made which originated with West Hills Associates to Seaman's Bank for Savings. When Seaman's assets were seized by FDIC, the mortgage was sold by FDIC to the First Federal Savings Bank, which later became known as the Berkley Federal Bank & Trust, FSB. Berkley then sold to NMC. Counsel for both NMC and SCC instructed Berkley to name SCC rather than NMC the [*3]assignee. This was admitted to be an error, allegedly without prejudice. While the written assignment nominated SCC, the delivery of the mortgage and note was made to NMC. Two written attempts to reassign from SCC to NMC prior to the commencement of this action are noted in counsel's affirmations and letters from NMC dated October 12, 1993 and August 13, 1996. Both assignment documents were signed by Thomas Donovan, a principal of both NMC and SCC, and returned to counsel prior to commencement of this action. Two assignments from SCC to NMC were lost and never recorded. A third assignment dated August 22, 1996 was completed and recorded on December 8, 1999. The latter occurred after the action was filed March 18, 1996. A further assignment of the same mortgage to M&O Associates occurred on October 30, 1996 and October 1, 1999, wherein plaintiff's rights to enforce the mortgage against defendants was preserved.
The conflict was confused by unrelated actions between corporate principals and other parties. In one, a former principal and partner of NMC, Robert LeBeau, commenced action on or about October 29, 1993 against NMC for an accounting and damages. LeBeau claimed an interest in the within mortgage. The LeBeau action was dismissed by order May 9, 2002 for the failure of LeBeau to comply with disclosure and pursuant to a stipulation of discontinuance signed by LeBeau on August 8, 200l. Another action was commenced in 1993 (Supreme Court, New York County #93-30341) by a pension fund named Clinical Association PA against NMC. Clinical also claimed an interest in the subject real property. Mr. LeBeau was named a third-party defendant in the Clinical action by third-party plaintiffs NMC, Donovan and von Zwehl. This matter was settled.
Between the original assignment from Berkley to NMC on July 7, 1993 and the disposition of the LeBeau action (#93-72410) by order dated May 9, 2002, many proceedings were held and orders were issued. On May 15, 1997 the LeBeau case was joined for trial with the Suffolk County action #97-17629. Plaintiff then moved for summary judgment in this foreclosure action. This court acknowledged the close relationship between NMC and SCC. Based on representations by LeBeau and the confusion concerning the written assignment between SCC to NMC until August 22, 1996, the court determined, without evidence of dispute between Berkley, NMC, SCC or any other party, that NMC was not the valid holder of the note and mortgage on the date the action was filed March 18, 1996. By January 8, 1997 order, the court held that plaintiff could not proceed as plaintiff in this foreclosure, and the pleadings were deemed defective. However, the action was not dismissed, and the order was not appealed. Instead a discovery conference was scheduled for February 13, 1998. Moreover, the order which declined to determine that NMC was a proper party assignee for prosecution virtually left this action without a plaintiff. The within order in substitution corrects this mistake and error of omission.
Upon a motion by LeBeau, an order dated February 26, 1998 disqualified counsel for NMC, since it appeared that counsel's testimony would be required at trial. An order dated February 28, 2002 noted that plaintiff's claim had merit, that defendant admitted default, and cured a technical dismissal for failure of counsel to appear. The action was restored to the calendar based on technical failure and the fact that the parties had actually continued the prosecution (CPLR 5015[a][1] & CPLR 3404). The order of May 9, 2002 then dismissed the LeBeau action. A conference was held May 16, 2002 for disclosure, and another held on October 24, 2002 directed that a note of issue be [*4]filed. Depositions of all parties were concluded by October 10, 2002. The note of issue was filed by December 9, 2002. Harvey B. Besunder, Esq. of the firm of Pruzansky & Besunder was substituted as counsel for the Elizaitis defendants on July 16, 2003. The within motion and cross motion for summary judgment were filed returnable April 28, 2003 and adjourned to December 4, 2003.
During these multiple proceedings and disputes, defendants have continued to occupy the mortgaged premises without cost or expense for over ten (10) years. The premises are developed by a two-story contemporary dwelling, located on nearly one acre of real property at 94 East Artisan Avenue, Huntington, New York. Defendants purchased the premises in 1982. A mortgage was entered with Seaman's Bank for Savings in the sum of $148,612.00. The mortgage was extended at three-year intervals and was paid until November 22, 1993. The premises were appraised in 1996 at $550,000.00 and are presently estimated to have substantially increased in value.
Defendants admit default with justification. Defendant Gunther Elizaitis admits that the mortgage payment fell into arrears in May 1993 due to business difficulties. Although NMC advised defendants Elizaitis that they were the assignees, the conflicting information from LeBeau, NMC, Donovan and Clinical caused them to complain to the New York State Banking Department, Suffolk County Department of Consumer Affairs, and the FBI.
The order of January 8, 1997, which found NMC was not a proper party plaintiff on March 18, 1996, the date the action was filed, legally authorized defendants to withhold payment. There was no determination of the identity of any assignee who was entitled to payment. There was no appeal, motion to vacate or reargue, new action or further written assignment shown until August 22, 1996. The law of the case doctrine does apply to the January 8, 1997 order. This case, which has recently been assigned to this judge, is permitted to review and remedy the error (CPLR 2001, 2221). The defense concerns payment to the wrong party and duplicate liability. Defendants agree to pay upon a judicial determination of a proper party. They have offered to pay into escrow held by their prior attorneys, Teitelbaum, Braverman & Borges, pending final determination. The payments into escrow were not ordered and failed to occur.
 Without a proper plaintiff further prosecution is precluded. Thus, a careful review of the record requires that the court sua sponte vacate that portion of the order made January 8, 1997 which determined that plaintiff lacked standing or the requisite interest to maintain the foreclosure action and in error omitted plaintiff without further disposition. In lieu thereof, this court determines that on March 18, 1996 plaintiff herein was the owner of the subject mortgage and note and a proper party plaintiff entitled to prosecute the action.
The assignment of a mortgage, similar to a deed, is effective upon delivery, provided no condition is attached (Schafer v Reilly, supra; Flyer v Sullivan, 284 AD 697, 134 NYS2d 521 [1954]). The security interest is dependent on the debt. A contract for the sale of an existing mortgage does not require a writing, since the exchange is for personalty. However, a contract to execute a mortgage involves realty, and a writing is required (Flyer v Sullivan, supra). The delivery [*5]of the mortgage and note to NMC by Berkley vested title in NMC, without condition, whether or not a written assignment occurred (see, Bergman, NY Mortgage Foreclosures §16.05[1][b],[a]). Counsel in error instructed that the wrong nominee corporation, SCC, be named, rather than NMC. This did not compromise the validity of the interest (Freyer v Rockefeller, 63 NY 268 [1875]). Two consecutive written assignments from SCC to NMC which were signed by an authorized principal, Donovan, delivered to counsel for both NMC and SCC and then lost, did not affect the interest. The third assignment, signed August 22, 1996 from SCC to NMC and not recorded until December 8. 1999, is also not fatal to the interest (James v Lewis, supra). Provided the delivery of the note and mortgage was properly made and returned to plaintiff as alleged in the pleadings, affidavits of counsel, corporate principals and by letters exchanged between the relevant parties, the title to the mortgage interest was vested in NMC from July 7, 1993 and continued until further assignment to M&O Associates on October 30, 1996. Thus, that portion of the January 8,1997 order of this court which found NMC lacked the title interest in the mortgage to maintain this foreclosure action is vacated for error February 28, 2002 (CPLR 2001).
Dated:___________________ _______________________________________
J.S.C.
 FINAL DISPOSITION X NON-FINAL DISPOSITION