In an action to cancel a deed and to set aside a conveyance of certain real property, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Bayne, J.), dated December 23, 2011, which granted the motion of the defendant Mary *679 Moore, individually and as administrator of the estate of John Moore, for summary judgment dismissing the complaint insofar as asserted against her and that branch of the separate motion of the defendant Jean Beauvais which was pursuant to CPLR 3211 (a) to dismiss the complaint, in effect, insofar as asserted him, and (2), as limited by his brief, from so much of an order of the same court dated April 13, 2012, as denied that branch of his motion which was for leave to renew his opposition to the motion of the defendant Mary Moore, individually and as administrator of the estate of John Moore, and that branch of the separate motion of the defendant Jean Beauvais which was pursuant to CPLR 3211 (a) to dismiss the complaint, in effect, insofar as asserted against him.
Ordered that the order dated December 23, 2011, is affirmed; and it is further,
Ordered that the order dated April 13, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondent Jean Beauvais.
On her motion for summary judgment dismissing the complaint insofar as asserted against her, Mary Moore, individually and as administrator of the estate of John Moore (hereinafter Mary), established her prima facie entitlement to judgment as a matter of law by establishing that the plaintiff lacked standing to challenge the transfer of real property that is the subject of this action (see James v Lewis, 135 AD2d 785, 785 [1987]; see also Del Pozo v Impressive Homes, Inc., 86 AD3d 622, 622-623 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted Mary’s motion for summary judgment dismissing the complaint insofar as asserted against her.
The Supreme Court also properly granted that branch of the separate motion of the defendant Jean Beauvais which was pursuant to CPLR 3211 (a) to dismiss the complaint, in effect, insofar as asserted against him (see James v Lewis, 135 AD2d at 785; see also Jamison v Jamison, 18 AD3d 710, 711 [2005]; Kissling v Leary, 289 AD2d 377 [2001]), on the ground that the plaintiff lacked standing.
Contrary to the plaintiffs contention, the Supreme Court did not err in denying that branch of his motion which was for leave to renew his opposition to Mary’s summary judgment motion and that branch of Beauvais’s separate motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, in effect, insofar as asserted against him (see generally Koeppel-Vulpis v Lucente, 110 AD3d 851 [2013]).
*680 The parties’ remaining contentions either are without merit or have been rendered academic in light of our determination. Dickerson, J.E, Chambers, Roman and Miller, JJ., concur.