William E. Brennan, Jr., J.
The defendants move for judgment on the pleadings (complaint, answer and bill of particulars). The complaint alleges that plaintiff’s testator in 1954 received a mortgage from the Abernathy defendants, owners of real property in Suffolk County which was the subject of Torrens registration (Eeal Property Law, art. 12). The mortgage was recorded in the County Clerk’s office, but was not filed in the Eegistrar’s office and so no memorial thereof was made upon the certificate of title (Eeal Property Law, §§ 403, 409, 415, 416). It also appears that prior to the events hereinafter described 10 judgments were obtained against the said owners, none of which was filed in the Eegistrar’s office.
About August 1, 1960, the defendant Lynric Associates, Inc., was about to make a loan to a corporation and to take collateral guarantees from the principals thereof, one of whom was the defendant Joseph Abernathy, and from their respective wives. The guarantees were secured in the case of the Abernathys by a mortgage on the aforesaid premises. This mortgage has been duly filed and memoralized.
The plaintiff now asserts that the lender had notice of his unfiled mortgage and unfiled judgment prior to making the loan. It is undisputed that the lender knew of the judgments; for present purposes it will be assumed it also knew of the plaintiff’s mortgage. The theory of his complaint as amplified by the bill of particulars is that the bond and mortgage were made for the purpose of defrauding the plaintiff by bringing about the insolvency of the Abernathy defendants and for the purpose of delaying and defrauding the creditors of the Abernathy defendants, with particular intent to hinder, delay and defraud the plaintiff herein. The defendant has counterclaimed for a judgment declaring its mortgage lien to be prior in lien to that of the plaintiff, and there has been no reply to the counterclaim.
*709 This being a motion for judgment on the pleadings, only the pleadings and bill of particulars may be considered. If any factual issues are presented for determination, a denial of the motion is required. To sustain its motion insofar as the complaint is concerned, the defendant relies upon the Torrens Eegistration Law. Section 402 of the Eeal Property Law reads as follows:
‘ ‘ Fraud; notice only by registration.
‘ ‘ Except in case of fraud and except also as herein otherwise provided, no person taking a transfer of any registered real property or of any estate or interest therein or lien or charge thereon from the registered owner shall be required to inquire into the circumstances under which, or the consideration for which such owner or any previously registered owner had the title registered, nor shall such transferee be affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand or interest whatever; and the knowledge that an unregistered trust, lien, claim, demand or interest is in existence shall not of itself be imputed or treated as fraud.” (Emphasis supplied.)
There is no question that under the statute the moving defendants’ knowledge of unregistered liens or claims, such as plaintiff’s mortgage and his judgment, is not of itself fraud sufficient to vitiate the effect of registration of the defendant Lynric’s mortgage prior to the plaintiff’s; and if the complaint rested solely upon the alleged knowledge of the defendants of the unregistered liens or claims, it would state no cause of action. However, the complaint rests upon article 10 (fraudulent conveyances) of the Debtor and Creditor Law. If it can be established that the mortgage here challenged was given in violation of the provisions of that statute and with the purpose of rendering the Abernathy defendants insolvent and defrauding their creditors, the Torrens registration statute would afford no defense. In that context, the notice, actual or constructive, of the unregistered mortgage and judgment would form part of the evidence required to establish a cause of action under the fraudulent conveyances statute. It may be noted that the prayer for relief of the complaint is not that the mortgage under attack be declared junior to the mortgage and judgment of the plaintiff, but that it be adjudged and declared fraudulent and void and a nullity. This is not to say that the defendants may not ultimately prevail in this section, since no factual considerations are before the court on this motion for judgment on the pleadings. It is sufficient for the *710 purposes of this motion that the complaint herein states a cause of action as a matter of law.
The defendant also urges that it is entitled to judgment on its counterclaims to which no reply has been served. The counterclaims plead facts intended to establish the good faith of the defendants and the lack of proper registration of the plaintiff’s mortgage and judgment, and defendants seek a declaration that the mortgage lien of the defendant Lynric Associates, Inc., is prior in lien to that of the plaintiff. However, there is no argument in this case about the priority of liens. As a matter of fact, plaintiff in his brief states, 1 ‘ As the present situation exists defendant’s lien is in fact prior.” The question, therefore, arises as to the effect of the failure of the plaintiff to reply to the counterclaims. It would have been better practice and plaintiff would have avoided the issue he now faces if a reply had in fact been served. However, his failure to reply will not prevent him from controverting the allegations of the so-called counterclaims which are in fact not counterclaims but defenses. (Calagna v. Green, 281 App. Div. 1033.) And, because it would be better practice to have a reply of record in this case, the cross motion for leave to serve a reply is granted.