Theodore G. Barlow, J.
Four of the five children of the late Louis Arnold Williams, also known as Arnold Williams, also known as Arnold L. Williams, seek partition of certain real property owned by the decedent and described in the complaint. The defendant who is the fifth child of the decedent counterclaims for a judgment declaring her to be the sole owner of the premises.
The decedent was 78 years old in 1968. He was getting feeble and he was blind or almost blind, although his mind was still clear. His wife having died, the defendant, a registered nurse, undertook to look after his needs. The defendant asked the decedent to deed his house to her and in March, 1968 he asked his attorney to prepare a deed. About March 29, 1968 he executed a deed to himself and the defendant as joint tenants. This deed was executed at his home. Only his lawyer was present. After executing the deed, he gave it to his attorney and instructed him to record it. A New York City real property transfer tax return was prepared by the attorney and signed by him as agent for the defendant.
Title to the premises in question is registered pursuant to article 12 of the Real Property Law. When the attorney got to the Kings County Register’s office to record the deed, he was informed of the steps necessary to transfer a registered title. The lawyer informed the decedent by telephone of the steps required and told him he would have to charge a higher fee than he had quoted because of these complications. The decedent told the lawyer that he would let him know what he wanted him to do. Several times thereafter he spoke to the decedent and each time he was told not to do anything. The last conversation was in August, 1968 and the decedent told him not to do anything further. The deed was never registered and remained in the possession of the lawyer. There is no evidence that he ever asked his lawyer to return the deed to him. On October 29, 1968 the decedent died.
To be effective as a conveyance of title, an executed deed must be delivered and accepted (Ten Eyck v. Whitbeck, 156 N. Y. 341). The court finds that Egbert A. Craig, the lawyer who drew the *829 deed, received it as agent for both grantees when he was given the deed to record it. Delivery is complete when a grantor unconditionally hands over the executed deed to a third person even if that third person is the grantor’s attorney and the grantee is unaware of the delivery (Saltzsieder v. Saltzseider, 219 N. Y. 523; Munoz v. Wilson, 111 N. Y. 295). Acceptance will be presumed if the conveyance is beneficial to the grantee, as it is here (Saltzsieder v. Saltzsieder, supra; Beaver v. Beaver, 117 N. Y. 421,429).
The court concludes that as between the decedent and the defendant, the decedent made a valid gift of an undivided one-half interest in the premises, as joint tenants, to the defendant. The gift was completed when the deed was delivered to the attorney for recording. When the decedent died, the defendant became the sole owner as the surviving joint tenant. The plaintiffs acquired no interest in the property upon the death of the decedent.
The conclusion that the defendant is the sole owner is not altered by section 406 of the Real Property Law which reads in part as follows: “ title to such property shall not pass by such transfer until the transfer is registered as prescribed in this section.” It would seem that no New York court has passed on this question although there is dictum in Betancourt v. Giddens (231 N. Y. S. 2d 454) to the effect that title is good in the grantee of an unregistered deed as far as the grantor is concerned. (See, also, Dorsey v. Abernathy, 30 Misc 2d 707.)
In Carlson v. Carlson (124 Cal. App. 207) and Matter of Finnegan v. Gunn (207 Minn. 480), the courts held that a conveyance was valid as between the parties even though unregistered. The value of these cases as authorities is weakened by the fact that although they deal with Torrens system statutes, the statutes involved are not exactly the same as the New York statute. However, their analysis of the purposes of the Torrens title registration system has validity. The Torrens system provides an alternative to the recording acts in which title itself as contrasted with documents of titles is recorded. Under both systems third parties are protected but as between the parties to the deed, the well-established rules governing the passage of title will be applied unaltered by the failure to record or register the instrument. (See Ann. 42 ALR 2d 1379,1404.)
The complaint is dismissed. The defendant shall have judgment declaring her to be the sole owner of the premises insofar as the plaintiffs are concerned. The plaintiffs are directed to execute and deliver all documents necessary to a valid registration of the defendant’s title.