J ones, J.
We are asked to decide whether transmittal of an executed deed to real property in the factual circumstances of this case constituted legal delivery effective to transfer title and thus to fix insurance liability for a destruction of the property by fire.
On an agreed statement of facts submitted pursuant to OPLR 3222, the trial court held that prior to the fire in this case there had been a deed delivery sufficient to pass title. The Appellate Division reversed and we now affirm the latter determination.
Continental issued a standard policy of fire insurance insuring the owner of residential property located in Brooklyn. The policy carried a standard first mortgagee clause in favor of Manhattan. Following default and foreclosure, Manhattan received a referee’s deed to the property and thereby became the insured under the terms of the insurance policy.
Manhattan’s mortgage had been insured under the National Housing Act (U. S. Code, tit. 12, § 1709 et seq.) and, pursuant to regulations issued thereunder, on June 7, 1970 Manhattan executed a deed of the premises to the Secretary of Housing & Urban Development. According to the agreed statement of facts the executed deed was then delivered to Manhattan’s attorney, “ to be held by him ”, On June 28, 1970 the residence on the property was destroyed by fire. The submission recites that the executed deed was recorded in the office of the Register of the City of New York the following day, June 29, and the inference that it was recorded by Manhattan’s attorney may be drawn from the fact that the copy of the deed which accompanies *372 the submission discloses that the deed was marked for return to Mm.
Transfer of title is accomplished only by the delivery of an executed deed; execution of the deed without delivery is legally insufficient to effect such a transfer. (Real Property Law, § 244; Ten Eyck v. Whitbeck, 156 N. Y. 341; see 1A Warren’s Weed, New York Real Property [4th ed.], Delivery, § 1.02.) It is also true, as contended by Continental, that there is a presumption that a deed was delivered and accepted as of its date (Ten Eyck v. Whitbeck, supra, p. 352), but tMs presumption must yield to opposing evidence (idem).
Here the submission specifically states that the executed deed was delivered to the attorney of the grantor, not to the attorney for the grantee, and that it was “to be held by Mm ”. The submission is completely silent as to what conditions may have been attached to the agency for holding or what may have been the conting’ency on the occurrence of which the deed was either to be recorded or to be released to the grantee. The fact that Manhattan’s attorney, the day after the fire but some three weeks after his receipt of the deed, may have recorded the deed cannot be so related back as to justify the legal conclusion that the attorney imtially received the deed as agent of the grantee. There is nothing in the submission to warrant any such finding.
It is precisely on this ground that the decision in Williams v. Ellerbe (62 Misc 2d 827) relied on the trial court and by Continental on this appeal, must be distinguished. In Williams the trial court found explicitly that‘ ‘ the lawyer who drew the deed, received it as agent for both grantees when he was given the deed to record it ”. (Pp. 828-829; emphasis added.) In Saltszsieder v. Saltzsieder (219 N. Y. 523) similarly relied on, our court reinstated the finding of Special Term (wMch had been reversed at the Appellate Division) that delivery of an executed deed by the grantor to Ms attorney had not been made to the attorney as agent for the grantees, and in reliance thereon held that the deed was ineffective to convey title.
On the record now before us, we conclude as a matter of law that possession of the executed instrument by Manhattan’s attorney constituted continued possession by Manhattan as grantor. Accordingly there had been no delivery of the deed, and consequently no passage of title, to the Secretary of Hous *373 ing & Urban Development at the time of the fire on June 28, 1970. Since title was in Manhattan at the time of the fire it clearly had an insurable interest which was covered by the provisions of Continental’s policy of insurance.
In our view of the Case we do not reach the question whether the presumption of acceptance by a grantee on delivery to its agent prior to recording would have here been rebutted by the provisions of the Secretary’s regulations that assumption of responsibility for maintenance expenditures with respect to the property commenced only on the date the deed was filed for record.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Bbeitel and Judges Jasen, Gabrielli, Waohtler, Rabin and Stevens concur.
Order affirmed.