■ ANTHONY D'URSO, Appellant, v MARIE SCUOTTO, Respondent. — In an action for partition of real property, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Morton, J.), dated December 5, 1983, as, after a nonjury trial, declared that defendant was the owner in fee simple of the subject premises located at 16th Avenue in Brooklyn, New York.

Judgment affirmed, insofar as appealed from, with costs.

The parties are brother and sister. Upon the death of their father on February 16, 1977, and the admission of his will to probate, plaintiff and defendant and their brother, Lucian, each inherited an undivided one-third interest in three parcels of real property. These consisted of a two-family house on 66th Street in Brooklyn which was plaintiff's residence; a three-family house on 16th Avenue in Brooklyn where defendant had resided for more than 20 years; and a parcel of land in Shirley, New York.

The father also left money in bank accounts in trust for defendant and for her son, Vincent, and it appears that there was a falling out between defendant and her brothers when defendant failed to share that money with them. Nevertheless, plaintiff and defendant continued to have conversations concerning the transfer to each other of their interests in the two Brooklyn properties.

Finally, in the middle of November 1978, plaintiff and defendant reached an agreement to exchange deeds, the terms of which constitute the central issue herein. At about the same time, their brother Lucian decided to gratuitously transfer his one-third interest in the two Brooklyn properties to plaintiff. Plaintiff testified that he could not remember when he learned about Lucian's intention to transfer his interests to him. However, at the time the agreement with defendant was reached, plaintiff did not disclose to her that he was acquiring Lucian's

interests. Plaintiff contended that his agreement with defendant was that he would exchange his one-third interest in the 16th Avenue property for defendant's one-third interest in the 66th Street property, "and then [defendant] would turn around and deal with [Lucian]". Defendant claimed that prior to the parties' agreement to exchange deeds, plaintiff did, in fact, tell her that Lucian was transferring his interests to him and that plaintiff "was going to give [her the] 16th Avenue [property]", if she agreed not to attempt to recover certain moneys she claimed plaintiff had taken out of her trust fund.

Thereafter, four deeds, all dated December 1, 1978, were drawn by plaintiff's attorney, John Carlson. Each deed provided, in pertinent part, that the named grantor transferred "all of his [or her] right, title and interest in" the specific Brooklyn properties to the named grantee. Plaintiff testified that he executed his deed to defendant on the morning of December 1, 1978, around 8:00 A.M.; that defendant was supposed to have executed her deed to plaintiff at about 11:00 A.M. or 12 noon on December 1, 1978; and that, thereafter, Lucian executed his deeds to plaintiff at about 3:00 P.M. on December 1, 1978. Defendant, however, testified that she did not execute her deed to plaintiff until the middle of December 1978.

Special Term found that it was the parties' intention to transfer to each other whatever interest they each had in the Brooklyn properties; and that at the time of transfer, plaintiff owned a two-thirds interest in the 16th Avenue property. Accordingly, as a result of the exchange of deeds, defendant became the sole owner of the 16th Avenue property and plaintiff became the sole owner of the 66th Street property.

There is no basis for disturbing the trial court's determination which depended upon the credibility of the witnesses. The greatest weight should be given to the determination of the Trial Judge, who had the advantage of seeing and hearing the witnesses (*Amend v Hurley,* 293 NY 587, 594).

It is well settled that to effectuate a transfer of property there must be a delivery of the executed deed and an acceptance by the grantee (Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Cos.,* 33 NY2d 370; *Ten Eyck v Whitbeck,* 156 NY 341; *Matter of Hoffman v Seniuk,* 88 AD2d 954, *lv denied* 57 NY2d 607; *Winick v Winick,* 26 AD2d 663, *lv denied* 19 NY2d 581). While there is a presumption that the date of the deed is the date that it was delivered and accepted, this "presumption * * * must yield to opposing evidence" in that the intention of the grantor to deliver the deed is a question of fact (*Ten Eyck v Whitbeck, supra,* at p 352; *Manhattan Life Ins. Co. v Continental*

*Ins. Cos., supra; Saltzsieder v Saltzsieder,* 219 NY 523, *rearg denied* 220 NY 665).

While all of the deeds were dated December 1, 1978, the only support in the record for the claim that all the deeds were executed on that day is the testimony of plaintiff and Carlson, neither of whom was present when defendant executed her deed to plaintiff. Carlson's secretary, who notarized defendant's deed as of December 1, 1978, was not called as a witness. On the other hand, the public record supports defendant's testimony that she executed her deed about the middle of December 1978. The reciprocal deeds between plaintiff and defendant were both recorded by Carlson on December 18, 1978, while Lucian's deeds to plaintiff, concededly executed on December 1, 1978, were recorded by Carlson on December 5, 1978. Since the trial court apparently found that the exchange of deeds was to occur simultaneously, the delivery of plaintiff's deed to defendant did not occur until defendant executed the reciprocal deed and delivered same to Carlson in the middle of December 1978, at which time, plaintiff then owned a two-thirds interest in the 16th Avenue property.

Moreover, the evidence does not support plaintiff's contention that Carlson was acting as an agent for defendant, and therefore accepted delivery of plaintiff's deed to defendant at 8 A.M. on December 1, 1978, at which time plaintiff owned only a one-third interest in the 16th Avenue property.

Carlson testified that he did not recall being consulted in the matter by defendant prior to the execution of the deeds. He indicated that he was not engaged to represent defendant; he did not participate in any way in the negotiations between plaintiff and defendant; defendant did not seek his advice in the transaction; plaintiff told him to prepare the necessary deeds, based on information supplied by plaintiff; and plaintiff was originally billed for preparing all four deeds. The fact that defendant delivered her deed to Carlson and Carlson ultimately recorded the reciprocal deeds of the parties on December 18, 1978 does not establish that he initially received plaintiff's deed on December 1, 1978 as agent for defendant (*Manhattan Life Ins. Co. v Continental Ins. Cos.,* 33 NY2d 370, 372, *supra*). Even if we were to conclude that Carlson was acting as agent for defendant, plaintiff's delivery of his deed to Carlson on December 1, 1978 was not unconditional. It is clear that the deed was to be held by Carlson until defendant executed her reciprocal deed, which did not occur until the middle of December 1978. As noted, at that time plaintiff possessed a two-thirds interest in the 16th Avenue property, which was then transferred to defendant.

Accordingly, the judgment, insofar as it declared that defendant was the sole owner of the 16th Avenue property, is affirmed. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.