■ GWENDOLYN GOLDBOURNE, Respondent, v ROSA WILLIAMS, Appellant.—In an action to determine conflicting claims to real property pursuant to RPAPL article 15, and for related relief, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 19, 1990, which (1) granted the plaintiff's motion for a preliminary injunction, *inter alia,* barring the defendant from transferring the subject property, and (2) denied the defendant's cross motion to dismiss the action.

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion is granted, the complaint is dismissed, and the plaintiff's motion for a preliminary injunction is denied as academic.

In this action brought pursuant to RPAPL article 15, the plaintiff demands, among other things, a judgment "declaring [that she] is vested with absolute and unencumbered title in fee to a one-quarter (1/4) interest in the [disputed] property". This prayer for relief is based upon the plaintiff's allegations that Eugene Goldbourne, who from 1972 held title to the subject property with the defendant as tenants in common, conveyed his one-half interest to himself and the plaintiff as tenants by the entirety by deed dated July 15, 1986. Eugene Goldbourne is married to the plaintiff; however, in her complaint the plaintiff alleged that his "exact whereabouts * * * are presently unknown".

The defendant contends that she and Eugene Goldbourne each owned a one-half interest in the property as tenants in common from 1972 until 1987. On September 30, 1987, Mr.

Goldbourne conveyed his one-half interest to the defendant, making the defendant the owner of the property in fee simple absolute.

The plaintiff's complaint is meritless for at least two reasons. First, the deed dated July 15, 1986, cannot reasonably be interpreted as evidence that Mr. Goldbourne intended to make an outright conveyance of his one-half interest, as a tenant in common, to himself and the plaintiff, as tenants by the entirety. Instead, this deed, by its terms, provides for a conveyance of Mr. Goldbourne's interest to himself and the plaintiff, as tenants by the entirety, only on condition that the defendant makes a similar conveyance of her one-half interest, so that the result of the transaction would be that Mr. Goldbourne and the plaintiff would be tenants by the entirety with respect to the entire property. The evidence contained in the record establishes conclusively that the defendant refused to make such a conveyance, and that she refused to sign the deed which memorialized this proposed transaction.

Second, it is clear that the 1986 deed was never delivered to the plaintiff. The plaintiff admits that she did not even know that this deed existed. This admission was evidently made in order to excuse her failure to seek any relief pursuant to this deed in a separate action which she commenced against the defendant in 1987, and which resulted in a judgment of the Supreme Court, Kings County (Williams, J.), dated January 20, 1989, declaring that she, the plaintiff, "has no interest in the subject property". Possibly recognizing that the foregoing judgment would be directly impeached if she were to obtain the relief she now requests in the present action, the plaintiff in effect claims that the 1986 deed is newly discovered evidence. However, this admission, although not necessarily determinative, when coupled with the other competent evidence adduced by the defendant in support of her motion, established conclusively that the 1986 deed was never delivered.

The plaintiff relies on *Williams v Ellerbe* (62 Misc 2d 827) and *Saltzsieder v Saltzsieder* (219 NY 523) in arguing that Mr. Goldbourne's delivery of the 1986 deed to his own attorney should be considered the equivalent to a delivery to the plaintiff. However, in *Manhattan Life Ins. Co. v Continental Ins. Cos.* (33 NY2d 370), the Court of Appeals distinguished both of these cases, and held that a grantor's delivery of a deed to his own attorney cannot be considered equivalent to a delivery of a deed to an agent for the grantee. There is no competent evidence in the present record that the attorney who kept the 1986 deed (and in fact never recorded it) was

862

acting as the agent of the plaintiff. Accordingly, there was no delivery of the 1986 deed.

Since the plaintiff thus has no valid claim to any interest in the subject real property, the remaining causes of action asserted in her complaint should have also been dismissed. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.