■ KEVIN WHALEN, as Administrator of the Estate of RALPH J. WHALEN, Deceased, Appellant, v KATHRYN HARVEY, Also Known as KATHRYN WHALEN, Respondent. [653 NYS2d 159] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Patsalos, J.), entered September 7, 1995 in Orange County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, as administrator of the estate of Ralph J. Whalen (hereinafter decedent), commenced this action seeking, *inter alia*, to set aside a deed to certain real property located in Orange County or to impose a constructive trust on the property. After issue was joined, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, resulting in this appeal by plaintiff.

The following facts are undisputed. During the summer of 1992, decedent, who was terminally ill, asked defendant, his former wife, to act as his in-home care giver under a local hospice program. Defendant agreed and began staying overnight in decedent's apartment to provide daily care. By mid-October 1992, decedent's physical condition had deteriorated to the point that he became bed-ridden. Shortly thereafter, at decedent's direction, a deed was prepared to convey to defendant title to a farm owned by decedent. The attorney who drafted the deed brought it and the other relevant documents to decedent's apartment for execution. Defendant was also present and executed a related document. After decedent had

executed the documents, including the deed, the attorney took them back for the purpose of recording the deed. After the deed was recorded, it was returned to decedent's attorney, who thereafter delivered it to defendant following decedent's death.

Plaintiff contends that the deed was never delivered to defendant during decedent's lifetime and, therefore, there was no valid inter vivos gift of the property. Inasmuch as a conveyance of real property and not a gift of personal property is at issue, the question is whether there was delivery of the executed deed within the meaning of Real Property Law § 244. It is presumed that a deed was delivered and accepted as of its date (*see, Ten Eyck v Whitbeck*, 156 NY 341, 352), but the "presumption must yield to opposing evidence" (*Manhattan Life Ins. Co. v Continental Ins. Co.*, 33 NY2d 370, 372). We agree with defendant that plaintiff failed to present any "opposing evidence".

In *Manhattan Life Ins. Co. v Continental Ins. Co.* (*supra*), the Court of Appeals held that as a matter of law no delivery occurred when a grantor merely executed a deed and delivered it to the grantor's attorney with directions that it was "to be held by him". Here, in contrast, defendant was present when decedent executed the deed; decedent and defendant executed a document entitled "Combined Real Property Transfer Gains Tax Affidavit, Real Estate Transfer Tax Return, Credit Line Mortgage Certificate", which names decedent as grantor and defendant as grantee, describes the property and lists "11/05/92" as the "Date of conveyance". Although decedent's attorney took the documents for recording, there is no evidence that decedent delivered the deed to the attorney with any directions or that decedent otherwise exercised any dominion and control over the deed after he executed it. While it is true that the attorney's act of recording the deed is insufficient in itself to establish that the attorney was acting as defendant's agent for the purpose of taking delivery of the deed (*see, Manhattan Life Ins. Co. v Continental Ins. Co., supra*, at 372; *D'Urso v Scuotto*, 111 AD2d 305, 307), we are of the view that the attorney's act of recording the deed is also insufficient in itself to negate the delivery of the deed that clearly occurred in this case on November 5, 1992 when decedent executed the deed in defendant's presence and executed a document which acknowledged that date as the date of the conveyance. The attorney's act of recording the deed was for defendant's benefit and is not inconsistent with the conclusion that, as a matter of law, decedent delivered the deed to defendant and relinquished dominion and control over it on the date he executed it and the other related documents.

Plaintiff's constructive trust claim is equally meritless. It is undisputed that defendant was providing in-home care to her terminally ill former husband at his request. In support of her motion for summary judgment, defendant presented evidence to demonstrate that while considering the disposition of his property upon his death, decedent decided to convey the property to defendant before his death instead of by will; that decedent made no statement to the attorney who drafted the deed which would suggest that defendant was to hold the property during decedent's lifetime for the benefit of his children; and that decedent specifically expressed to the attorney his intention not to leave anything to his children upon his death. Defendant also specifically denied having made any promise, express or implied, to hold the property for the benefit of any third party.

The factors necessary for the imposition of a constructive trust are well established (see, Sharp v Kosmalski, 40 NY2d 119, 121). Although the "constructive trust doctrine is not rigidly limited" (Simonds v Simonds, 45 NY2d 233, 241), "the promissory element * * * is essential to the proof of such a trust" (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940). Defendant's evidentiary showing that the conveyance was not made in reliance on a promise, express or implied, that defendant would hold the property for the benefit of decedent's children clearly satisfied her initial burden to demonstrate her entitlement to judgment as a matter of law (see, Matter of Chicola, 224 AD2d 1005, 1006). Plaintiff's bare, conclusory assertion to the contrary, unsupported by any evidence in the record, is patently insufficient to raise a triable issue of fact on the promissory element (see, Doria v Masucci, 230 AD2d 764, 765-766). On the element of unjust enrichment, plaintiff's assertion that defendant acquired the property without ever having made any monetary contribution is insufficient. Enrichment alone is not enough to invoke the court's equitable powers (see, McGrath v Hilding, 41 NY2d 625, 629). "Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust" (supra, at 629). The evidence submitted by defendant reveals nothing unjust as between decedent and defendant, who were the only parties to the transaction.

Plaintiff also alleges decedent's lack of capacity and defendant's undue influence. The evidence submitted by defendant, however, demonstrated that decedent was mentally alert despite his physical impairment and fully comprehended the nature of the transaction. The evidence also shows no undue influence by defendant. Plaintiff's conclusions, expressions of

hope and unsubstantiated allegations and assertions are insufficient to meet his burden as the party opposing the summary judgment motion (see, *Zuckerman v City of New York*, 49 NY2d 557, 562).

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.