■ ROYDEN McPHERSON, Respondent, v NEW YORK CITY PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Appellant, et al., Defendant. [838 NYS2d 57]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 6, 2006, which, in an action for personal injuries under the Labor Law, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of New York City Partnership Housing Development Fund Company dismissing the complaint as against it.

Defendant is a not-for-profit corporation that takes title to properties from the City of New York and converts them into affordable housing. Plaintiff, an employee of defendant's general contractor, was injured on one such property while taking down construction-phase perimeter fencing in anticipation of a closing. However, the deed transferring the property from defendant to the nonparty purchaser had already been duly executed by defendant several weeks before the accident and by the purchaser at a closing conducted the day before the accident. Thus, the conveyance of the property presumptively took effect before the accident (Real Property law § 244; see Whalen v Harvey, 235 AD2d 792, 793 [1997], lv denied 89 NY2d 816 [1997]), and, unless the presumption is rebutted, defendant cannot be held liable as the owner of the property. The mere fact that, presumably pursuant to plaintiff's employer's contract with defendant and at defendant's behest, plaintiff was performing construction-related work on the property after the date on the deed is insufficient to rebut the presumption that the property was conveyed prior to the accident. We have considered plaintiff's other arguments and find them unavailing. Concur— Mazzarelli, J.P., Marlow, Gonzalez, Catterson and Kavanagh, JJ.