*1073 Motion by the respondent for leave to reargue an appeal from a judgment of the Supreme Court, Queens County, entered May 26, 2011, which was determined by decision and order of this Court dated April 24, 2012, or for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
Ordered that the branch of the motion which is for leave to reargue is granted and the decision and order of this Court dated April 24, 2012 (Saline v Saline, 94 AD3d 1080 [2012]), is recalled and vacated and the following decision and order is substituted therefor; and it is further,
Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals from the decision and order of this Court dated April 24, 2012, is denied.
In an action, inter alia, to quiet title to real property pursuant to RPAPL 1501, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Geller, J.H.O.), entered May 26, 2011, which, upon a decision of the same court dated March 7, 2011, made after a nonjury trial, is in favor of the defendant and against her dismissing the complaint with prejudice and vacating a notice of pendency filed in connection with the subject real property.
Ordered that the judgment is reversed, on the law and the facts, with costs, it is declared that the estate of Philip R. Saline is the rightful owner of the subject real property, and the defendant is directed to tender a deed to the subject real property dated January 12, 1996, to the plaintiff.
This action involves title to real property located in Wood-haven (hereinafter the subject property). Pursuant to a bargain and sale deed dated December 3, 1986, the plaintiffs decedent, Philip R. Saline (hereinafter the decedent), transferred the subject property to his brother, the defendant.
In 2007, the decedent commenced this action against the defendant to quiet title to the subject property. The decedent alleged that, on January 12, 1996, he exercised an option to purchase the subject property back from the defendant, that the defendant executed a deed (hereinafter the 1996 deed) transferring the subject property back to the decedent, and that the decedent delivered the executed 1996 deed to an attorney who represented both parties in connection with the transaction. The decedent further alleged that, in December 2006, by means of fraud and deceit, the defendant nonetheless took possession *1074 of the 1996 deed, which had never been recorded, from the attorney who had represented both of the parties.
Before trial, the decedent died and his wife, Linda A. Saline, as executor of his estate, was substituted in his place as the plaintiff. After a nonjury trial, the Supreme Court ruled in favor of the defendant, and entered judgment in favor of the defendant, among other things, dismissing the complaint.
Since this matter was decided after a nonjury trial, “the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses” (Marini v Lombardo, 79 AD3d 932, 933 [2010]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). The Supreme Court improperly found in favor of the defendant since the plaintiff submitted evidence sufficient to make a prima facie showing that the defendant transferred title to the subject property to the decedent in 1996, and a conclusion that the plaintiff is the rightful owner of the subject real property is warranted by the facts (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). It is presumed that a deed is delivered and accepted as of its date (see Ten Eyck v Whitbeck, 156 NY 341 [1898]; Whalen v Harvey, 235 AD2d 792, 793-794 [1997]). Here, based on the documents entered into evidence, the trial court found that the decedent had an option to buy the subject property from the defendant and that he exercised this option, which resulted in the delivery of a deed to the mutual attorney for the parties. Contrary to the defendant’s contentions, the trial court properly admitted into evidence certain documents conceded by him to be authentic and upon which it based its findings of fact (see CPLR 3123; Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103 [1996]; Ocampo v Pagan, 68 AD3d 1077 [2009]).
Although the presumption of delivery and acceptance of a deed as of its date “must yield to opposing evidence” (Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372 [1974]), here, no admissible evidence which would have overcome the presumption was presented in opposition to the evidence showing that the 1996 deed was executed in the presence of and delivered to the parties’ mutual attorney (compare id.). The fact that the deed was not recorded was not sufficient evidence to overcome the presumption of delivery of the deed to the attorney, the mutual agent of both parties, since recording is not required in order to transfer title to real property (see Real Property Law § 291). No evidence was presented that the delivery of the deed on the date of its execution was conditional.
*1075 The parties’ remaining contentions are without merit.
Since this action is, in part, a declaratory judgment action, it must be declared that the decedent’s estate is the rightful owner of the subject property (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]), and that the defendant must tender the 1996 deed to the plaintiff. Eng, EJ., Skelos, Dillon, and Austin, JJ., concur.