# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

333
CA 12-01631
PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

RICHARD WESTGATE, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DAVID S. BRODERICK, AS ADMINISTRATOR OF THE
ESTATE OF THOMAS D. HOGAN, III, KAREN HOGAN,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MICHAEL J. SKONEY OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

COHEN & LOMBARDO, P.C., BUFFALO (JONATHAN D. COX OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered February 14, 2012. The order,
among other things, denied plaintiff's cross motion for partial
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying those parts of the motion
of defendants David S. Broderick, as administrator of the estate of
Thomas D. Hogan, III, and Karen Hogan for summary judgment dismissing
the Labor Law §§ 240 (1) and 241 (6) causes of action and reinstating
the amended complaint to that extent and by granting that part of
plaintiff's cross motion for partial summary judgment on liability
with respect to the Labor Law § 240 (1) cause of action against
defendant David S. Broderick, as administrator of the estate of Thomas
D. Hogan, III, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries that he sustained when
a ladder jack scaffold collapsed from under him while constructing a
house for Thomas D. Hogan, III (decedent) and defendant Karen Hogan in
2007. We agree with plaintiff that Supreme Court erred in granting
those parts of the motion of defendants David S. Broderick, as
administrator of the estate of Thomas D. Hogan, III, and Karen Hogan
(defendants) for summary judgment dismissing the Labor Law §§ 240 (1)
and 241 (6) causes of action based on the homeowner exemption. We
therefore modify the order accordingly. An "owner" for purposes of
the homeowner exemption pursuant to those sections of the Labor Law
"has been held to encompass a person who has an interest in the
property" where a qualifying injury occurs and is not limited to the

titleholder (*Copertino v Ward*, 100 AD2d 565, 566; *see e.g. Kane v Coundorous*, 293 AD2d 309, 311; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856). Here, defendants failed to establish as a matter of law that decedent and Karen Hogan had the requisite interest in the property (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants presented no evidence of a property interest with respect to decedent, and their submissions with respect to Karen Hogan's alleged property interest raised an issue of fact with respect to her interest in the property. "In order to transfer an ownership interest in real property, there must be a deed, or other 'conveyance in writing' . . . Although it is not necessary that such conveyance be recorded . . . , it is a well-established rule that delivery of the deed with intent to transfer title is required" (*Goodell v Rosetti*, 52 AD3d 911, 913). Defendants attempted to establish Karen Hogan's ownership through her deposition testimony regarding a purported unrecorded deed claimed to be executed by Jean Hogan prior to her death in 2000 conveying the property to Karen. That alleged deed was not produced, although Karen described its size and asserted that a certain attorney never recorded the deed. Defendants further submitted a deed from the estate of Jean Hogan conveying the property to Karen in 2008. However, we conclude that Karen's deposition testimony combined with the later deed was insufficient to establish that Karen was an owner at the time of plaintiff's injury (*cf. Saline v Saline*, 94 AD3d 1080, 1082; *Whalen v Harvey*, 235 AD2d 792, 793, *lv denied* 89 NY2d 816). Indeed, by presenting evidence of both deeds, defendants by their own submissions raised an issue of fact whether Jean Hogan transferred her property interest to Karen prior to her death in 2000 or whether the property was conveyed by Jean's executrix in 2008, after the date on which plaintiff was injured (*see generally Zuckerman*, 49 NY2d at 562). However, we note that, even in the event that Karen ultimately establishes her ownership in the property such that she is entitled to the benefit of the homeowner exemption, the benefit of that ownership would not inure to decedent or his estate based on their relationship as husband and wife (*see Fisher v Coghlan*, 8 AD3d 974, 975, *lv dismissed* 3 NY3d 702).

We further conclude that the court erred in denying that part of plaintiff's cross motion for partial summary judgment on liability with respect to decedent. We therefore further modify the order accordingly. Plaintiff's fall was within the class of those protected by Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8), and the record establishes that decedent was a contractor within the meaning of the statute because he " 'had the power to enforce safety standards and choose responsible subcontractors' " (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428). Furthermore, a person's "right to exercise control over the work denotes [the person's] status as a contractor, regardless of whether [he or she] actually exercised that right" (*Milanese v Kellerman*, 41 AD3d 1058, 1061), and here defendants' attorney essentially conceded that decedent had that right. The court properly denied that part of plaintiff's cross motion with respect to Karen, however, because plaintiff failed to establish as a matter of law that she had the requisite control and, in any event, as noted there is an issue of fact whether she is entitled to the benefit of

the homeowner exemption.

Entered:  June 7, 2013                    Frances E. Cafarell
                                          Clerk of the Court