■ In the Matter of JOHN PAUL HUMANN, Deceased. PAUL G. HUMANN, as Limited Administrator, Appellant; MARY FELICE SKELLY, Respondent. [26 NYS3d 304]—

In a probate proceeding, in which Paul G. Humann petitioned pursuant to SCPA 2103 to recover certain real property on behalf of the decedent's estate, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated March 25, 2014, which granted the respondent's motion for summary judgment dismissing the petition pursuant to SCPA 2103 and denied his cross motion for summary judgment on the petition.

Ordered that the order is affirmed, with costs.

In this probate proceeding, Paul G. Humann (hereinafter the petitioner) petitioned pursuant to SCPA 2103 against the respondent executor of the estate of John Paul Humann (hereinafter the decedent) to recover real property located in Islip Terrace, New York (hereinafter the subject property), as part of the decedent's residuary estate to be distributed pursuant to the terms of the decedent's will. The petitioner contended that, during the decedent's lifetime, he failed to complete a valid inter vivos gift of the subject property to the respondent because he failed to deliver the deed purportedly conveying the subject property to the respondent.

The respondent moved for summary judgment dismissing the petition and the petitioner cross-moved for summary judgment on the petition. The Surrogate's Court granted the motion and denied the cross motion. The petitioner appeals.

"A grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery" (Real Property Law § 244). In order to transfer title, an executed deed must be delivered to and accepted by the grantee (*see Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372 [1974]), or to a third party on the grantee's behalf (*see Winick v Winick*, 26 AD2d 663 [1966]). A deed is presumed to have been "delivered and accepted at its date," although the presumption must yield to opposing evidence (*M&T Real Estate Trust v Doyle*, 20 NY3d 563, 568 [2013]; *see Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d at 372; *Saline v Saline*, 106 AD3d 1072, 1074 [2013]).

The respondent established her prima facie entitlement to judgment as a matter of law by showing that the deed conveying the subject property from the decedent to the respondent and himself as joint tenants with the right of survivorship was properly delivered to her. In support of the respondent's motion, she submitted a copy of the deed, which was executed on April 13, 2009. The testimony of the respondent and the attorney who prepared the deed, as well as the tax return form that both the decedent and the respondent executed and which lists the date of conveyance as April 13, 2009, demonstrate that the decedent relinquished dominion and control over the deed when he directed the attorney to record it (*see Whalen v Harvey*, 235 AD2d 792, 793-794 [1997]; *cf. Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d at 372; *Goldbourne v Williams*, 175 AD2d 860 [1991]; *D'Urso v Scuotto*, 111 AD2d 305, 307 [1985]). Evidence that the attorney failed to properly record the deed was not sufficient to overcome the presumption of delivery, since recording is not required in order to transfer title to real property (*see Saline v Saline*, 106 AD3d at 1074; Real Property Law § 291). In opposition, the petitioner failed to submit sufficient evidence to raise a triable issue of fact or to overcome the presumption that the deed was delivered to the respondent on April 13, 2009. Accordingly, the Surrogate's Court properly granted the respondent's motion for summary judgment dismissing the petition, and properly denied the petitioner's cross motion for summary judgment on the petition. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.