■ TOMHANNOCK, LLC, Respondent, v ROUSTABOUT RESOURCES, LLC, Appellant, et al., Defendants. [51 NYS3d 671]—

Egan Jr., J. Appeal from an order of the Supreme Court (McGrath, J.), entered April 21, 2016 in Rensselaer County, which, among other things, granted plaintiff's cross motion for partial summary judgment seeking specific performance.

As set forth in this Court's prior decision in this matter, in April 2002, plaintiff sold a 15.94-acre parcel of vacant land located in the Town of Pittstown, Rensselaer County. In conjunction therewith, plaintiff and the buyers entered into an option agreement, whereby the buyers agreed to reconvey a 3.5-acre portion of the parcel upon plaintiff's request—provided such request was made within the 10-year option period. As partial consideration for the underlying conveyance, plaintiff reduced the purchase price for the 15.94-acre parcel (purportedly by $55,000) and, pursuant to the terms of the option agreement, agreed to pay 22% of the school and property taxes assessed upon the entire parcel—apparently representing its proportional share of taxes for the 3.5-acre parcel. The agreement, which was binding upon the parties' heirs and assigns, was duly recorded in the Rensselaer County Clerk's office.

In October 2005, the buyers conveyed the entire 15.94-acre parcel to defendants Ronald F. LaPorte and Linda J. LaPorte— "[s]ubject to enforceable easements, covenants, conditions and restrictions of record"—and, in January 2011 (within the 10-year option period), plaintiff advised the LaPortes that it was exercising its option with respect to the 3.5-acre parcel. Instead of reconveying the 3.5-acre parcel to plaintiff, however, the LaPortes conveyed the entire 15.94-acre parcel to defendant Roustabout Resources, LLC (hereinafter defendant). Upon

learning of the transfer in July 2011, plaintiff again exercised its option (within the option period) and demanded that defendant reconvey the 3.5-acre parcel. Defendant refused, prompting plaintiff to commence this action for specific performance (115 AD3d 1074, 1074-1075 [2014]).

Following joinder of issue, defendant, insofar as is relevant here, moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary as to its cause of action seeking specific performance of the option agreement. Supreme Court, among other things, granted plaintiff's cross motion to the extent of directing defendant to sign the reconveyance deed within 30 days. In so doing, Supreme Court expressly found "that the obligation to record the deed [was] not a condition precedent to defendant's obligation to reconvey title" of the 3.5-acre parcel under "the clear and unambiguous language of the [option] agreement," and that defendant's arguments to the contrary "confuse[d] plaintiff's obligation to record the deed with . . . plaintiff's right to title of the property." This appeal by defendant ensued.

In order to be entitled to specific performance, plaintiff "had the burden of establishing, as a matter of law, that [it] was ready, willing and able to perform under the [terms of the option agreement] . . . and that [defendant] was unwilling to convey the property" (*Mills v Chauvin*, 103 AD3d 1041, 1044 [2013]). Defendant contends that plaintiff has not—and indeed cannot—discharge this burden because plaintiff is unable to record the desired deed due to the admitted absence of "such other instruments necessary for recording," i.e., the Combined Real Estate Transfer Tax form (TP-584) and the Real Property Transfer Report (TP-5217). We disagree and, accordingly, affirm Supreme Court's order.

Pursuant to the terms of the option agreement, "upon written demand made by [plaintiff] on or before the tenth (10th) anniversary of the recording of the [relevant deed in the Rensselaer County Clerk's office]," defendant was required to "execute a bargain and sale deed with covenant against grantor's acts, conveying the [r]econveyance [p]arcel to [plaintiff]." As Supreme Court aptly observed, the option agreement does not set forth any condition precedents to defendant's performance thereunder. Rather, as the option agreement makes clear, if plaintiff made a written demand seeking reconveyance of the 3.5-acre parcel within the 10-year option period, defendant was required to execute a bargain and sale deed reconveying said parcel to plaintiff. As plaintiff made a timely written demand here, we agree with Supreme Court that defendant is obligated to tender the required deed.

To be sure, paragraph No. 3 of the option agreement places responsibility for preparing and filing the reconveyance deed, "together with such other instruments necessary for recording" such deed, upon plaintiff and, further, obligates plaintiff to assume the expenses associated therewith. Defendant interprets this language as imposing an additional requirement upon plaintiff—namely, that plaintiff actually record or, at the very least, be able to successfully record, the reconveyance deed in order to exercise its rights under the option agreement. As argued by defendant, plaintiff's ability to produce a deed capable of being recorded is dependent upon plaintiff's execution of a valid Real Property Transfer Report, which, in turn, implicates the need for subdivision approval. As plaintiff has not obtained subdivision approval, the argument continues, plaintiff can neither execute the "instruments necessary for recording" nor file, i.e., record, the reconveyance deed for the subject parcel; hence, plaintiff cannot exercise its rights under the option agreement. We disagree.

As this Court previously has held, "nothing within the four corners of the option agreement requires plaintiff to obtain subdivision approval prior to exercising its option with respect to the 3.5-acre parcel, nor does the option agreement provide that the failure to obtain such approval renders the underlying agreement null and void" (115 AD3d at 1076). Further, as Supreme Court correctly noted, Real Property Law § 291 does not compel plaintiff to actually record the reconveyance deed for the subject parcel, as "recording is not required in order to transfer title to real property" (*Matter of Humann*, 136 AD3d 1036, 1037 [2016]; *see* Real Property Law § 291). Rather, title to property vests upon the execution and delivery of the deed (*see* Real Property Law § 244; *Matter of Humann*, 136 AD3d at 1036), and the fact that the deed may not be recorded until a later date—or at all—does not affect the validity of the conveyance (*see Crossland Sav. v Patton*, 182 AD2d 496, 496 [1992], *lv denied* 80 NY2d 755 [1992]). While it is true that, generally speaking, prudence would suggest that a grantee record his or her deed, there is no requirement that he or she do so. More to the point, we do not interpret the option agreement before us as requiring plaintiff to record the deed obtained subsequent to exercising its rights relative to the 3.5-acre parcel—only a provision that, if it elects to do so, it be at its expense.

To be sure, plaintiff's inability and/or failure to record the reconveyance deed may present practical difficulties for the parties. Such difficulties, however, neither undermine nor stand as an impediment to plaintiff's exercise of the reconvey-

ance rights that it possesses under the clear and unambiguous terms of the option agreement. Defendant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Garry, J.P., and Clark, J., concur.

Devine, J. (dissenting). There is nothing in the option agreement, as our colleagues observe, that expressly requires plaintiff to obtain subdivision approval prior to exercising the option. Indeed, this Court noted as much upon a prior appeal (115 AD3d 1074, 1076 [2014]). This Court also stressed on that appeal, however, that it was not addressing the separate issue of whether "plaintiff will be unable to record a deed for the 3.5-acre parcel without first obtaining subdivision approval" (*id.* at 1077). That issue is before us now and, inasmuch as subdivision approval is needed for plaintiff to record the reconveyance deed and fulfill its obligations under the option agreement, we respectfully dissent.

If the option agreement permits plaintiff to exercise the option without obtaining subdivision approval, plaintiff will obtain a deed to the 3.5 acres that, while passing legal title, cannot be recorded as an indirect result of the unauthorized subdivision. The public will be unaware that the transfer and subdivision has occurred under these circumstances, and practical difficulties will exist for defendant Roustabout Resources, LLC (hereinafter defendant) should it attempt to sell the portion of the parcel it still owns to anyone but plaintiff. Moreover, the Town of Pittstown or its taxpayers may well act "to prevent such unlawful . . . [sub]division of land, [or] to restrain, correct or abate such violation" if they learn of it (Town Law § 268 [2]; *see* Real Property Law § 334 [4] [monetary penalty against subdivision owner who fails to file a subdivision map]). This is, to be charitable, an undesirable state of affairs. Plaintiff and the then owners of the 15.94 acres were nevertheless free to enter into an agreement leading to that outcome if they wished.

They did not. Defendant is obliged under the option agreement to execute a reconveyance deed "upon written demand" of plaintiff. Defendant's obligation is preceded by that of plaintiff to prepare the deed "together with such other instruments necessary for recording," and plaintiff is further required to file (which there is little doubt encompasses an obligation to record) those documents once executed. Plaintiff was and remains unable to prepare and file one of those documents, the Real Property Transfer Report (RP-5217), since plaintiff cannot make the necessary statement that "the parcel conveyed by

[the accompanying] deed [is subject to a planning board empowered to approve subdivisions and] such subdivision has been approved" (Real Property Law § 333 [1-e] [ii] [8]; *see* Real Property Law § 333 [1-e] [i], [ii] [7]). The option agreement vests plaintiff with discretion to make whatever municipal approvals it deems to be "necessary or desirable," and nothing within the agreement explicitly requires that plaintiff obtain subdivision approval prior to exercising the option. That being said, plaintiff's obligation to "prepare[ ] and file[ ]" the deed, which must be done "together with" other documents "necessary for recording," cannot be accomplished without subdivision approval.

These provisions seem to conflict but, if they can reasonably be reconciled, this Court must do so and give both effect (*see A. Cappione, Inc. v Cappione*, 119 AD3d 1121, 1122-1123 [2014]; *Matzen Constr. v Schultz*, 257 AD2d 724, 725-726 [1999]). Reconciliation may easily be had here by applying the rule that a specific obligation in the option agreement—namely, plaintiff's commitment to concomitantly prepare, then record, the deed and ancillary documents—trumps plaintiff's general discretion in making municipal applications (*see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 905, 907-908 [2014]; *Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965-966 [2005]). Plaintiff, by failing to obtain subdivision approval, cannot prepare and record the reconveyance deed and accompanying documents as required and has therefore failed to substantially perform its commitments under the option agreement. "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case," but the failure to prepare and be ready to record the necessary documents has persisted for no apparent reason since plaintiff first attempted to exercise the option in 2011, a delay that is unreasonable by any measure (*Parker v Booker*, 33 AD3d 602, 603-604 [2006], *lv denied* 8 NY3d 811 [2007]). Thus, we would hold that plaintiff has not substantially performed under the option agreement and is not entitled to specific performance.

Aarons, J., concurs. Ordered that the order is affirmed, with costs.