Kekec v Robinson (2018 NY Slip Op 01518)





Kekec v Robinson


2018 NY Slip Op 01518


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

524301

[*1]CHRISTINE MULLER KEKEC, Also Known as CHRISTINE MULLER, Respondent,
v
GINA ROBINSON, Also Known as GINA COLE, Appellant.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Gina Robinson, Silver Springs, Maryland, appellant pro se.
French & Casey, LLP, New York City (Bolam Kim of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Supreme Court (Fisher, J.), entered November 22, 2016 in Ulster County, which denied defendant's motion for, among other things, a restraining order, and (2) from an order of said court, entered November 25, 2016 in Ulster County, which, among other things, directed defendant to comply with the terms of a stipulation of settlement.
Plaintiff commenced this action for partition of real property located in the hamlet of Kerhonkson, Ulster County that she and defendant own as joint tenants. In her answer, defendant asserted numerous counterclaims and sought an accounting. At a settlement conference held in August 2016, a stipulation of settlement was placed on the record pursuant to which defendant
agreed to convey her one-half interest in the property to plaintiff and to withdraw an action that she had commenced against plaintiff in Maryland in exchange for $35,500. In September 2016, defendant submitted to Supreme Court a document entitled "Motion for Damages and Restraining Order." By order entered November 22, 2016, Supreme Court denied defendant's application because, among other reasons, defendant did not include a notice of motion or a supporting affidavit, and the court further held that defendant's application was frivolous. Although it did not impose sanctions, the court warned defendant that it would impose sanctions for any future frivolous conduct. In an order entered on November 25, 2016, the court directed defendant to comply with the stipulation of settlement by discontinuing the Maryland action and providing plaintiff with information necessary to complete the forms required for transfer of defendant's interest in the real property to plaintiff, including defendant's residence address and the Social Security numbers of defendant and her spouse. Defendant appeals from both orders.
Defendant argues that Supreme Court improperly modified the stipulation retroactively when it ordered defendant to provide the personal information required by the forms that are necessary to complete the real property transfer and, further, that the court lacked the authority to order her to dismiss a civil action pending in another jurisdiction. We disagree. In the stipulation, defendant agreed to convey her undivided one-half interest in the property to plaintiff and to voluntarily discontinue the Maryland action upon payment of $35,500 by plaintiff [FN1]. The stipulation also provided that plaintiff's counsel would send "closing documents" to defendant for execution and required that plaintiff deliver $35,500 to her counsel, who agreed to hold it in escrow and transmit it to defendant upon receipt from defendant of the executed documents required to complete transfer of the real property and to discontinue the Maryland action.
The stipulation does not expressly require that defendant provide her residence address or any Social Security numbers to plaintiff; however, that duty is implicit in defendant's agreement to convey her interest in the property to plaintiff. When interpreting a contract, a court must consider not only the express terms of a contract, but also whether any additional term that may be reasonably implied therefrom is required to give meaning to the reasonable expectations of the parties (see Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555 [1982]). We have recognized that it is prudent for a grantee to record his or her deed to obtain the protection afforded by Real Property Law § 291 (see Tomhannock, LLC v Roustabout Resources, LLC, 149 AD3d 1219, 1221 [2017], appeal dismissed 29 NY3d 1113 [2017]), and the language of the stipulation — referring to execution of "closing documents," rather than to only a deed — shows that the parties anticipated that the deed would be recorded. Thus, Supreme Court properly ordered defendant to provide plaintiff with all information necessary to prepare the required real estate transfer documents and to execute the completed documents. The court also properly ordered defendant to comply with the stipulation by discontinuing the Maryland action.
Defendant's remaining arguments have been considered and found to lack merit.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The stipulation is an enforceable agreement by which the parties voluntarily agreed to terms that resolved their entire dispute; therefore, the conveyance of defendant's interest in the property to plaintiff pursuant to that agreement is not, as defendant contends, an involuntary transfer.